Judge Owsley
delivered the opinion.
This is an appeal from a judgment rendered against the appellants, in an action of ejectment brought by them in the circuit court against Calk.
The declaration contains but one count, and that contains a joint demise in the name of all the heirs.
The action was commenced in 1814; and on the trial in the circuit court, after the defendant bad read from the records of the Montgomery court, a deed bearing date in 1815, from the appellants toa certain Jacob Butler, purporting to convey and csnSrm to Butler a tract of land therein de* scribed, (being the land now in contest) and which, by a recital in the deed, is alleged to have been previously, in 1812, sold and conveyed to said Butler by Crawford Lynn for William and Isaac Lynn, under a power of attorney previously given by them to said Crawford, the defendant offered to read from the records a deed of 181¾ from Crawford Lynn for himself and Isaac and William Lynn, to Butler; but its admission as evidence was objected to by the appellants, and their objections overruled by the court, and the deed read to the jury.
The grounds of objection to the admission of the deed as evidence, is not stated in the record, and this court are unable to perceive any to which it is liable. The deed appears to have been admitted to record in proper time, and the records from which it was read furnish ample evidence of its having been signed, sealed and delivered by Crawford Lynn, and was intended to convey the interest of William and Isaac Lynn (two of the appellants) in the land in contest. It is true, I be power of attorney from WiHianv and Isaac to Crawford Lynn, does not appear to have been introduced in evidence; but from the deed which bad previously been given in evidence, and which appears to have been given by all of the appellants, ttve authority of Crawford Lynn to sell and convey for Isaac and William Lynn is expressly recognised, and that recognition concludes then) from controverting the power of Crawford to sell and convey.
A verdict was found by the jury in favor of Calk, and a new trial asked for by the heirs of Lynn; but their motion was overruled, and the whole evidence spread upon the re- *379 «prd by a bill of exceptions. The grounds on which the new trial was asked, doe* not appear from the record; and this court perceives none which can authorise an inter-ftrence of the court with the verdict. From the deeds which were used in evidence, it is perfectly clear that Isaac and William Lynn, by their attorney in fact, Crawford Lynn, had, previous to the date of the demise laid in the declaration, sold and conveyed their right to the land in uontest to Jacob Butler; Isaac and William, therefore, cannot have had any right of entry at the date of the demise, and it is a settled rule, that to authorise a recovery on a joint demise, all of the lessors must be shewn to have ah interest in the land demised, at the date of the demise.
0n a jo-int demise by several, all must can'recover,
Bibb for appellants, Pope for appellee.
The judgment must be affirmed with costs.